UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SALSABIL CHOWDHURY and SAROWAR AHMED,

                                     Plaintiffs,

              -against-

CITY OF NEW YORK, BILL DE BLASIO, Individually,
DERMOT SHEA, Individually, TERENCE MONAHAN,
Individually, JOHN LEBRON, Individually, (the name JOHN
being fictitious, as the true first name is presently unknown), and
JOHN and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                     Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Case No.

<u>Jury Trial Demanded</u>

        Plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED, by their attorneys,

Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully allege as follows:

<u>**Preliminary Statement**</u>

        1.      Plaintiffs brings this action for compensatory damages, punitive damages, and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the United States. Plaintiffs also assert

supplemental state law claims.

<u>**JURISDICTION**</u>

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution. Plaintiffs also assert

supplemental state law claims pursuant to common law and the New York State Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      Plaintiff SALSABIL CHOWDHURY is a twenty-three-year-old female residing in Hollis, New York.

7.      Plaintiff SAROWAR AHMED is a twenty-four-year-old man residing in Bronx, New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants, BILL DE BLASIO, DERMOT SHEA, TERENCE MONAHAN, "JOHN" LEBRON, Individually, and JOHN and JANE DOE 1 through 10, Individually, were duly sworn sergeants or police officers of said department and were acting under the supervision of said department and according to their official duties.

2

11.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

<u>**FACTS**</u>

4.     On May 30, 2020, at approximately 6:00 p.m., plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED were lawful protesters in the vicinity of Times Square – 42nd Street, located in Manhattan, New York, when they were, *inter alia*, needlessly subjected to excessive force and falsely arrested by NYPD officers.

13.     Plaintiffs were crossing the street and moving away from the protest when NYPD officers, using a loudspeaker, demanded that protesters move off the street.

14.     Plaintiffs who were already moving away from the protest, continued to comply with the order.

15.     Shortly thereafter, defendant NYPD officers began to arrest protesters without cause or justification, including plaintiff CHOWDHURY.

16.     Although plaintiff CHOWDHURY had committed no crimes or offenses and was not engaged in any unlawful activity, defendant JOHN DOE 1 grabbed plaintiff's arms and pulled her toward him.

17.     Plaintiff AHMED observed plaintiff CHOWDHURY being unjustifiably pulled by the NYPD officer and approached her out of concern.

18.     Thereafter both plaintiffs were unjustifiably pushed to the ground by defendant officers.

19.     Approximately two defendant officers pushed CHOWDHURY face-down on the ground and zip-tied her arms behind her back in an overtight manner

20.     Approximately three defendant officers forcibly grabbed plaintiff AHMED and took him to the ground.

21.     One of the defendant officers kicked the back of plaintiff AHMED's knees, causing him to fall to the ground.

22.     Plaintiff AHMED's face struck the ground.

23.     A second defendant officer then twisted plaintiff AHMED's left arm into an awkward and painful position.

24.     Plaintiff AHMED was then placed in overtight metal handcuffs, which caused severe pain to his wrists.  Plaintiff AHMED's complaint of pain to NYPD officers and request for the handcuffs to be loosened went unaddressed throughout his time in custody.

25.     Plaintiff CHOWDHURY and AHMED were walked in custody by NYPD officers to a bus a block or so away for transport to NYPD headquarters located at One Police Plaza.

26.     Plaintiffs were held for approximately two to three hours in two separate buses, before being taken to wait on a line outside of One Police Plaza.

27.     Plaintiffs waited in line for approximately one hour.

28.     While plaintiff CHOWDHURY waited in line she requested that the tight zip ties be loosened, but was told she must wait until she gets inside.

29.     Once inside One Police Plaza, plaintiffs' restraints were removed and plaintiffs were imprisoned in cells therein.

4

30.     At approximately 3:00 a.m., plaintiff CHOWDHURY was removed from her cell and issued a summons by defendant LEBRON for failure to comply, apparently pursuant to Section 4-12(a)(1) of the Vehicle and Traffic Law.

31.     At approximately 3:00 a.m., plaintiff AHMED was removed from his cell and issued two summonses: one for failure to comply, also pursuant to Section 4-12(a)(1) of the Vehicle and Traffic Law, and a second for disorderly conduct.

32.     Plaintiffs retained an attorney to appear for them at court but were later informed that no record of their summonses could be found.

33.     As a result of the foregoing unlawful acts by the defendants, plaintiff CHOWDHURY suffered, without limitation, marks, redness, and pain to her wrists, pain to her shoulders, bruising on her arms, and legs, and emotional distress.

34.     As a result of the foregoing unlawful acts by the defendants, plaintiff AHMED suffered, without limitation, pain and soreness in wrists for up to two weeks after the incident, as well as emotional distress.

35.     Defendants DE BLASIO, SHEA, MONAHAN, LEBRON, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct and unconstitutional policies of the City of New York.

36.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, employing excessive force in response to peaceful protests and engaging in an improper protest response tactic known as kettling, whereby protestors and innocent bystanders are corralled in such a

5

manner that they are prevented from dispersing and then forcefully arrested, and frequently placed in overtight restraints, as occurred to plaintiffs here.

37.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware that the NYPD has a long history of documented instances of aggressive policing towards protestors, and of the NYPD responding to protests with unconstitutional tactics including, without limitation, excessive force and kettling.

38.     This history of aggressively policing protests and improperly arresting protestors has been documented by the New York Civil Liberties Union following anti-war protests in 2003 and the Republican National Convention (RNC) protests in 2004, and with respect to the RNC protests further confirmed by the Civilian Complaint Review Board, which published its own findings that then-Deputy Chief MONAHAN and another deputy chief failed to issue orders to disperse which were sufficiently audible, understandable, or with enough time to allow protesters to actually disperse before effecting arrests, resulting in the mass arrest protesters.

39.     Moreover, following the Occupy Wall Street protests in 2011, the Protest and Assembly Rights Project issued a 2012 report which also detailed complaints of excessive force against protesters, bystanders, lawyers, legal observers, and journalists.

40.     With respect to the BLM protest movement, the aggressive tactics and policies of responding to peaceful protests with excessive force and failing to allow protestors an opportunity to disperse before effecting mass arrests, has been well documented.  Further, these policies and practices were directed and ratified by the NYPD supervising officers and Mayor BILL DE BLASIO, who failed to adequately train or supervise the NYPD officers who were deployed to police the protests, and thereafter praised said officers response to the BLM protests, thereby authorizing, sanctioning, and encouraging the aggressive and violent police tactics that

resulted in the constitutional violations suffered by plaintiffs and others.

41.     The pervasiveness of these improper policies and practices, and the inadequate training and supervision of officers policing the BLM protests, has been well documented by numerous lawsuits arising out of the 2020 arrests, including, *Payne et al*. *v. de Blasio et al.* No. 20-cv-08924 (S.D.N.Y.), *Gelbard et al. v. City of New York et al.*, 20-cv-3163 (E.D.N.Y.), *Sierra et al. v. City of New York et al.*, 20-cv-10291 (S.D.N.Y.), *Jeffrey v. City of New York et al.*, 20-cv-2843 (NGG) (RML), EDNY among others.

42.     Further, the Attorney General of the State of New York has brought an action, *People of the State of New York v. City of New York et al.*, 21-cv-0322, (S.D.N.Y.) for declaratory and injunctive relief in an effort to end the NYPD's established practice of suppressing peaceful protests through the use of excessive force and mass arrests.

43.     Despite notice of the forgoing, the CITY OF NEW YORK, Mayor DE BLASIO, Commissioner SHEA, and Chief MONAHAN, have failed to train or supervise subordinate officers or take corrective action to address the NYPD's pervasive use of force and mass arrests of protests, thereby ratifying and endorsing said behavior such that it constituted a City policy. Defendant CITY OF NEW YORK, Mayor DE BLASIO, Commissioner SHEA, and Chief MONAHAN ratified the unconstitutional policies and practices employed against BLM protestors via their support for the NYPD's response to the BLM protests, and their failure to train, supervise, and discipline their subordinate officers.  These failures and policies were the moving force behind the constitutional violations suffered by plaintiff and constituted deliberate indifference to plaintiff's and other protestors' rights.

44.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto.

45.     The acts complained of were carried out by the individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers in said department.

46.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47.     As a result of the foregoing, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED sustained, *inter alia*, physical injuries, emotional distress, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
#### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

48.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The individually named defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

50.     The individually named defendants caused plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED to be falsely arrested.

51.     As a result of the foregoing, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED are entitled to compensatory damages in an amount to be fixed by a jury,

and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

52.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     The level of force employed by the individually named defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiffs SALSABIL CHOWDHURY's and SAROWAR AHMED's constitutional rights.

54.     As a result of the aforementioned conduct of defendants, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED were subjected to excessive force and sustained physical and emotional injuries.

55.     As a result of the foregoing, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

56.     Plaintiffs repeat, reiterate, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants had an affirmative duty to intervene on behalf of plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED whose constitutional rights were being violated in their presence by other officers.

58.     The defendants failed to intervene to prevent the unlawful conduct described

herein.

59.     As a result of the foregoing, plaintiffs SALSABIL CHOWDHURY's and SAROWAR AHMED's liberty was restricted for an extended period of time, they were put in fear of their safety, they were subjected to handcuffing and other physical restraints, and imprisoned without probably cause.

60.     As a result of the foregoing, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

61.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     The supervisory defendants personally caused plaintiffs' constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63.     As a result of the foregoing, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

64.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

10

65.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, responding to peaceful protests with excessive force and failing to allow protestors an opportunity to disperse before effecting mass arrests.  In addition, the CITY OF NEW YORK engaged in a policy of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs SALSABIL CHOWDHURY's and SAROWAR AHMED's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67.    The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED.

68.    The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED as alleged herein.

69.    The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force

behind the Constitutional violations suffered by plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED as alleged herein.

70.     As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED were unlawfully arrested and subjected to excessive force.

71.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs SALSABIL CHOWDHURY's and SAROWAR AHMED'S constitutional rights.

72.     All of the foregoing acts by defendants deprived plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED of federally protected rights, including, but not limited to, the right:

        A.     To be free from false arrest/unlawful imprisonment;

        B.     To be free from excessive force; and

        C.     To be free from the failure to intervene.

73.     As a result of the foregoing, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

74.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served

upon, presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

76.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

77.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

79.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

80.     Plaintiffs repeat, reiterate, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendants arrested plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED without probable cause.

82.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

83.     As a result of the aforementioned conduct, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED was unlawfully imprisoned in violation of the laws of the State of New York.

84.     As a result of the aforementioned conduct, plaintiffs SALSABIL CHOWDHURY

and SAROWAR AHMED suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

85.     Defendant CITY OF NEW YORK, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

86.     As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

87.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     As a result of the foregoing, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED were placed in apprehension of imminent harmful and offensive bodily contact.

89.     As a result of defendants' conduct, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED have suffered physical pain, injuries, and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

90.     Defendant CITY OF NEW YORK, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

91.     As a result of the foregoing, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be

14

fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

92.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Defendant officers made offensive contact with plaintiffs without privilege or consent.

94.     As a result of defendants' conduct, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED have suffered physical injuries, pain, and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

95.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

96.     As a result of the foregoing, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant CITY OF NEW YORK)

97.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted

and participated in the arrest of plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED.

99.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

100.    As a result of the foregoing, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant CITY OF NEW YORK)

101.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED.

103.    As a result of the foregoing, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs SALSABIL CHOWDHURY and SAROWAR AHMED demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
        August 30, 2021

                        BRETT H. KLEIN, ESQ., PLLC
                        Attorneys    for    Plaintiffs    SALSABIL
                        CHOWDHURY and SAROWAR AHMED
                        305 Broadway, Suite 600
                        New York, New York 10007
                        (212) 335-0132

                                    *Brett Klein*
                        By:     _____
                                BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SALSABIL CHOWDHURY and SAROWAR AHMED,

                                        Plaintiffs,

        -against-


CITY OF NEW YORK, BILL DE BLASIO, Individually,
DERMOT SHEA, Individually, TERENCE MONAHAN,
Individually, JOHN LEBRON, Individually, (the name JOHN
being fictitious, as the true first name is presently unknown), and
JOHN and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.

--------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132